IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

YUSUF EL-WILLIAMS,
Inmate No. 848030,
      Plaintiff,

vs.                           Case No.:  3:17cv111/LAC/EMT

BRIAN SCHULTZ,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Leave to proceed in forma pauperis has been granted (ECF No. 5).

      Plaintiff, an inmate of the Escambia County Sheriff's Office, but presently housed at the Walton County Jail ("Jail")[1], names Brian Schultz, the Jail administrator, as the sole Defendant in this case (ECF No. 1 at 1–2).  Plaintiff claims that the following violations of his First, Fifth, Eighth, and Fourteenth Amendment rights have occurred and continue to occur at the Jail:  (1) failure to install televisions

---

[1] The undersigned is aware, and the official website of Escambia County, Florida, confirms, that Escambia County is currently housing inmates in Escambia County facilities, as well as facilities located in Walton and Santa Rosa Counties (*see* https://myescambia.com/our-services/corrections/  community-detention/inmate-lookup (visited March 9, 2017)).

in the medical confinement cell, (2) refusal to allow Muslim inmates to conduct Salat
Al-Jummah service, (3) failure to provide a means to prepare certain items sold in the
canteen, including soup and coffee, (4) denial of the right to "live a pain-free
lifestyle," (5) denial of adequate dental care, (6) failure to provide one hour of outdoor
exercise five days per week, and (7) returning mail (addressed to Plaintiff) to its
sender for various reasons (including a stain on the envelope) (*id.* at 5–7).  Plaintiff
seeks declaratory relief (*id.* at 7).

    The case was referred to the undersigned for the issuance of all preliminary
orders and any recommendations to the district court regarding dispositive matters.
*See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P.
72(b).  Upon consideration, for the reasons given below, the court recommends that
this action be dismissed.

    Because Plaintiff was an inmate when he commenced this action and is
proceeding in forma pauperis, the court must review the complaint and dismiss it if
satisfied that the action is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant who is immune from
such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  A plaintiff's
affirmative misrepresentation regarding his prior litigation history, when the

complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim,

or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); <u>Shelton v. Rohrs</u>, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); <u>Young v. Sec'y for Dep't of Corr.</u>, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal

material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* ECF No. 1 at 3–5). Question B of Section IV asks, "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (*id.* at 3–4). Where there is a parenthetical area to mark either "Yes" or

"No," Plaintiff marked "Yes" and identified <u>El-Williams v. Kennedy</u>, Case No. 3:14cv14/LAC/CJK, filed in this district court (*id.*).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (ECF No. 1 at 4). Plaintiff responded by identifying <u>El-Williams v. Schultz</u>, Case No. 3:16cv535/LAC/CJK, filed in this district court (*id.*).

Plaintiff thus stated that at the time he filed the instant case, he never initiated other actions in federal court dealing with the same or similar facts/issues involved in this action, and he never initiated other actions in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement, other than the federal cases he identified in Section IV. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS**

**OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"

The court takes judicial notice that as of the date Plaintiff filed his complaint in this case, February 13, 2017, he previously filed <u>El-Williams v. Simmons</u>, Case No. 3:17cv15/LAC/CJK, in this federal district court.  Plaintiff commenced that case on or about December 26, 2016.   *See* <u>El-Williams v. Simmons</u>, Case No. 3:17cv15/LAC/CJK, Complaint (N.D. Fla. Jan. 6, 2017).  Plaintiff was an inmate of the Escambia County Sheriff's Office, housed at the Walton County Jail, when he filed Case No. 3:17cv15/LAC/CJK, and he presented many of the same constitutional challenges to the conditions of his confinement that he presents in the instant case. *See id.*  Plaintiff did not identify or otherwise disclose Case No. 3:17cv15/LAC/CJK in any part of his Complaint (*see* ECF No. 1), even though the case qualified as a federal court action that was responsive to Questions B and C, and thus should have been included in Plaintiff's answer to either of those questions.

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[2]  *See* <u>Spires v.

---

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or

<u>Taylor</u>, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000).  The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff.  This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

     The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed

---

more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." <u>Rivera</u>, 144 F.3d at 726.

Case No.: 3:17cv111/LAC/EMT

before it.  Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action may result from any untruthful answers to the questions in Section IV of the complaint form.[3]  Yet Plaintiff failed to disclose his litigation history as required.  If Plaintiff suffered no penalty for his untruthful response to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[3] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3).

is to dismiss this cause without prejudice.[4, 5]  *See* <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process.  *See* <u>Hood</u>, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue.  The statute of limitations for claims under § 1983 is four years.  *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state).  According to information available in the database maintained by the Clerk of Court for Escambia County, Florida, in <u>State v. El-Williams</u>, Case No. 2016-CF-002848, and <u>State v. El-Williams</u>, Case No. 2016-CF-3698, Plaintiff was arrested on June 4, 2016, and has been detained ever since; therefore, he has adequate time to initiate a new case.

2.    That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 9<u>th</u> day of March 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**